Cr.R. 453, 132 S.W. 345; Underwood v. State, 55 Tex.Cr.R. 601, 117 S.W. 809.

Appellant next complains of the action of the court in failing to instruct the jury in his main charge, and also in declining to give appellant's special requested charge to the effect that if the sacks were taken at different times, but not more than $5 worth at any one time, then they could only assess his punishment at a fine in any sum not exceeding $200. There is no testimony in the record which shows or from which an inference may be drawn that the sacks were taken at different times. All the sacks were missed from the premises at the same time, and therefore it was not necessary to submit to the jury such an instruction. Whenever the court in his charge applies the law to the facts, as developed, upon the trial, then the requirements of the law have been complied with.

Bill of exception No. 3 complains of the testimony of Mr. Moberly as to the value of the sacks because he did not show himself sufficiently informed as to the market value of secondhand sacks. If there was any error in this, it was harmless, for the reason that Reynolds and Bartley both testified without objection to the value of said sacks as did Moberly. It is well settled in this state that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. See Sparkman v. State (Tex.Cr.App.) 82 S.W.(2d) 972; Wagner v. State, 53 Tex.Cr.R. 306, 109 S.W. 169; Enix v. State, 112 Tex.Cr.R. 376, 16 S.W.(2d) 818; Burgess v. State, 88 Tex.Cr.R. 146, 225 S.W. 182.

By bill of exception No. 6 appellant complains of the action of the court in overruling his motion to quash the jury panel because the same had been selected by a jury commission appointed by the court at the March term, 1935, the term at which appellant was put on trial. Article 2108, Revised Statutes 1925 reads as follows: "If from any cause, the jury commissioners should not be appointed at the time prescribed, or should fail to select jurors as required, or should the panels selected to be set aside, or the jury lists returned into the court be lost or destroyed, the court shall forthwith proceed to supply a sufficient number of jurors for the term, and when deemed necessary may appoint jury commissioners for that purpose."

Article 2109, Revised Statutes 1925, reads as follows: "The county court shall, at its first term after the last day of December and the last day of June of each year, appoint three jury commissioners for said court," etc.

If the court failed to appoint jury commissioners at the prescribed time and the March term was the first term of court after the last day in December, then the court was legally authorized to then appoint three jury commissioners to select jurors for said term. In the absence of a showing that none of the contingencies existed which authorized the court to appoint a jury commission, the presumption prevails that the court acted in accordance with the express provisions of the statute, hence no reversible error is shown. All other matters complained of by appellant fail to disclose any error. Finding no reversible error in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### FULLBRIGHT v. STATE.
### No. 17838.

Court of Criminal Appeals of Texas.
Dec. 18, 1935.

W. R. Smith, Jr., of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for felony theft; punishment assessed at four years in the penitentiary.

The indictment is in proper form. The record contains neither statement of facts nor bills of exception. In such condition nothing is presented for review.

The judgment is affirmed.